UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>Antonio Lemon & Sandra M. Lemon | ) BK No.: 13-09055<br>)<br>) Chapter: 13<br>) Honorable Jack B. Schmetterer<br>) |
| Debtor(s)<br>Antonio Lemon & Sandra M. Lemon | ) Adv. No.: 13-00805<br>) |
| Plaintiff(s)<br>Charter One Bank | ) |
| Defendant(s) | ) |

**FINDINGS OF FACT & CONCLUSIONS OF LAW**

Antonio Lemon and Sandra M. Lemon (Plaintiffs) filed this Adversary Complaint pursuant to 11 U.S.C. Section 506(a), (d) and FRBP.3012 to determine the nature and extent of the junior mortgage lien held by Charter One Bank (Defendant) and secured by Plaintiff's residence. The following Findings of Fact and Conclusions of Law are made and entered:

FINDINGS OF FACT

1. Plaintiffs filed a voluntary petition for relief under Chapter 13 of Title 11, United States Code, on March 7, 2013.

2. Plaintiffs are joint owners of two parcels of real estate that make up the property commonly known as 1019 North 14th Avenue in Melrose Park, Illinois 60160-3421. Plaintiffs occupy the property as their primary residence. The two PIN numbers are 15-03-432-002-000 and 15-03-432-001-0000, respectively.

3. The property is encumbered by two mortgages, the first owned by Wells Fargo Bank N.A. in the amount of $314,806.08, and the second junior mortgage held by Defendant Charter One Bank, in the approximate amount of $40,000.00

4. Plaintiffs assert the fair market value of their residence is $110,533.00, a figure not disputed nor objected to by any party-in-interest. As such, the fair market value of the property is found to have been $110,533.00 as of the date of the filing of the related underlying bankruptcy case.

5. Plaintiffs filed this Adversary Complaint to determine the validity of Defendant's lien on said real estate. On June 15, 2013, the Clerk of this Court issued a summons which required the Defendant to file an Answer or other responsive pleading within thirty (30) days of the issuance of summons by the Clerk.

6. On June 5, 2013, a copy of the Summons and Complaint was served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by certified mail, return receipt requested, upon Ellen Alemany, President of Charter One Financial, and Charter One Financial, Inc.

7. FRCP 55(b)(2) authorizes the entry of a default judgment order against a party for failure to answer or otherwise plead to a Complaint.

## CONCLUSIONS OF LAW

8. Jurisdiction lies over this proceedings under 28 U.S.C. Section 1334(b); this is a core proceeding pursuant to 28 U.S.C. Section 157(b) (2) (k), and venue is proper pursuant to 28 U.S.C. Section 1409 (a). Plaintiffs seek to "strip-off" and void a wholly unsecured junior mortgage pursuant to 11 U.S.C. 506(d).

9. To determine whether a junior lienholder is wholly unsecured, the value of the senior claims and values of the property must be established. Plaintiffs' proposed value pursuant to Schedule A is $110,533.00 and there has been no objection to said valuation. The first lienholder, Wells Fargo Bank N.A., has filed a secured proof of claim in the amount of $314,806.08. Accordingly, this wholly unsecured junior mortgage lien on the Plaintiffs' principal residence is voided. In re Pord,, 252 F. 3d 122 (2nd Cir.2001); see also 11 U.S.C. 1322 (b)(2) and 11 U.S.C. 506(d).

10. It is found that Defendant's second mortgage in the amount of $40,000.00 is wholly unsecured and will be voided by separate judgment order.

Enter: _____
United States Bankruptcy Judge

JAN 14 2014

Dated: 1/14/14
Prepared by:
James J. Burns Jr.
Burns & Wincek
53 West Jackson Blvd., Ste 909
Chicago, IL 60604
312-880-0195